**RECEIVED**
01/15/2025
KELLY L. STEPHENS, Clerk

## Certificate of Service

Case Name: Sarah Buntura v. Ford Motor Company, et al.

Case Number: 24-4099

I hereby certify that on January 10, 2025, I served a copy of the Notice of Appeal and Appellant Brief via certified mail with return receipt requested to the following recipients:

1. Ford Motor Company

c/o CT Corporation System (Registered Agent)

4400 Easton Commons Way, Suite 125

Columbus, OH 43219

2. S2Verify, LLC

c/o Bill Whitford, C. (Registered Agent)

8680 Merion Drive

Duluth, GA 30097

Sarah Buntura

4390 Southwick Blvd

Brunswick, Ohio 44212

# United States District Court for the Northern District of Ohio

**FILED**

**DEC 20 2024**

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

Sarah Buntura

**Plaintiff,**

vs.

CASE NO. 1:24-cv-1811

Judge J. Philip Calabrese

Ford Motor Company, et al.

**Defendant.**

## NOTICE OF APPEAL

Notice is hereby given that **Sarah Buntura**,
(here name all parties taking the appeal)

hereby appeal to the United States Court of Appeals for the Sixth Circuit from

**The final judgment dismissing Plaintiff's case and denying the motion for reconsideration**
(the final judgment) (from an order (describing it))

entered in this action on the **16th** day of **December**, **2024**.

(s) _[signature]_

Address: 4390 Southwick Blvd Brunswick, Ohio 44212

Phone #: 216-352 8569

Attorney for Pro Se

6CA-3

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

Case Number: <u>24-4099</u>

Case Name: <u>Sarah Buntura v. Ford Motor Company and S2Verify LLC</u>

Name: <u>Sarah Buntura</u>

Address: <u>4390 Southwick Blvd</u>

City: <u>Brunswick</u>     State: <u>OH</u>     Zip Code: <u>44212</u>

## PRO SE APPELLANT'S BRIEF

**Directions:** Answer the following questions about the appeal to the best of your ability. Use additional sheets of paper, if necessary, not to exceed 30 pages. Please print or write legibly, or type your answers double-spaced. You need not limit your brief solely to this form, but you should be certain that the document you file contains answers to the questions below. The Court prefers short and direct statements.

Within the date specified in the briefing letter, you should return one signed original brief to:

**United States Court of Appeals For The Sixth Circuit**
540 Potter Stewart U.S. Courthouse
100 East Fifth Street
Cincinnati, Ohio   45202-3988

1. Did the District Court incorrectly decide the facts?     [✔] Yes     [ ] No

   If so, what facts?

   > Please refer to expanded answer on attached page # 1

2. Do you think the District Court applied the wrong law?     [✔] Yes     [ ] No

   If so, what law do you want applied?

   > Please refer to expanded answer on page #2

3. Do you feel that there are any others reasons why the District Court's judgment was wrong?
   ☑ Yes   ☐ No
   If so, what are they?

   > Please refer to expanded answer on page #3

4. What specific issues do you wish to raise on appeal?

   > Please refer to expanded answer on page #4

5. What action do you want the Court of Appeals to take in this case?

   > Please refer to expanded answer on page #5

I certify that a copy of this brief was sent to opposing counsel via U.S. Mail on the 10th day of January, 2025.

Signature (Notary not required)

_[signature]_

## 1. Did the District Court incorrectly decide the facts?

Yes.

The District Court incorrectly stated that my NLRA-related claims in the second complaint were "new," asserting, "res judicata bars her from asserting new claims to defeat a prior judgment." However, these claims were referenced in the narrative portion of my first complaint, where I described my meeting with an NLRB attorney and referenced an unfair labor practices charge. By calling these claims "new," the court effectively admitted they were never addressed or litigated in the first case, making res judicata inapplicable.

The court also stated, "The Fair Credit Reporting Act governs the reporting and dissemination of consumer credit information by credit reporting agencies... Nothing about this case has anything to do with credit reporting." This statement misinterprets the scope of the FCRA. The law explicitly governs employment background checks under 15 U.S.C. § 1681b(b) and requires employers to provide applicants with a pre-adverse action notice, a copy of the background check, and a summary of rights before taking adverse action. Ford failed to meet these requirements, directly impacting my ability to challenge their actions. The court's narrow interpretation of the FCRA overlooked its application to employment practices, leading to the improper dismissal of my claims.

These factual errors prevented a fair review and led to the improper dismissal of my claims.

(First case number 1:24-CV-1313)

**2. Do you think the District Court applied the wrong law? Yes No If so, what law do you want applied?**

Yes.
The District Court misapplied res judicata and misunderstood the Fair Credit Reporting Act (FCRA), leading to an unfair dismissal of my claims.

1. Misapplication of Res Judicata:
The court called my NLRA-related claims in the second complaint "new," saying res judicata barred them. These claims were clearly referenced in my first complaint when I described meeting with an NLRB attorney and mentioned an unfair labor practices charge. By saying they were "new," the court admitted they were never reviewed in the first case, so res judicata doesn't apply. That doctrine only bars claims that were or could have been litigated, and these weren't.

2. Misinterpretation of the FCRA:
The court claimed the FCRA only applies to credit reporting, stating, "Nothing about this case has anything to do with credit reporting." This completely ignored the law's application to employment background checks under 15 U.S.C. § 1681b(b). My second complaint addressed all deficiencies and outlined how Ford violated the FCRA by failing to provide me with a pre-adverse action notice, a copy of the report, and a summary of my rights. Even with these corrections, the court dismissed my claims without reviewing their substance.

Laws That Should Be Applied:

Res judicata must only bar claims that were actually litigated or could have been in the prior case.

15 U.S.C. § 1681b(b) of the FCRA, which clearly governs employment background checks and requires employers to follow specific procedures.

**3. Do you feel that there are any other reasons why the District Court's judgment was wrong? If so, what are they?**

1. Failure to Consider Evidence:
The court ignored critical evidence submitted with my filings, including:

The NLRB docket showing Ford was under investigation as of July 10th, which directly supported my NLRA-related claims referenced in the narrative portion of my first complaint.

The termination of Ford's HR Director, Tyra Grier-Coleman, who was directly involved in decisions central to my case.
These omissions deprived my claims of a proper review and left significant issues unaddressed.

2. Dismissals Despite Efforts to Comply:
After the first complaint was dismissed, I made substantial efforts to follow proper procedures by attempting to address the deficiencies the court identified. However, the court denied my amended complaint and dismissed my second complaint without considering the substance of my claims. Instead, the court focused solely on procedural technicalities, effectively preventing my case from moving forward.

3. Rushed Decisions and Lack of Fair Process:
On Friday, December 13th, I filed my motion to vacate, which the clerk confirmed was not docketed until after 3:30 PM. On Monday, December 16th, at 5:56 AM, I emailed the clerk to notify the court that I intended to file a supplemental memorandum later that day. Despite this, the judge ruled on my motion before I arrived at 4:40 PM. This unusual speed deprived me of the opportunity to fully support my arguments and felt procedurally unfair, especially given that other motions in my case took months to decide.

4. Failure to Support a Pro Se Litigant:
As a pro se litigant, I relied on the court's obligation to liberally construe my filings under Haines v. Kerner (404 U.S. 519 (1972)). The court, however, dismissed my claims based on procedural grounds without providing the clarity or fairness necessary for someone representing themselves. This denied me access to justice and an opportunity to have my claims reviewed on their merits.

## 4. What specific issues do you wish to raise on appeal?

I want to raise all the issues discussed in my answers to Questions 1, 2, and 3, as they demonstrate the District Court's failure to properly consider my claims and ensure fairness.

In addition, I want to address the court's decision to revoke my in forma pauperis (pauper) status after I filed my appeal, without providing any notice. This lack of communication created a significant barrier that could have prevented me from moving forward with my case. Because I was unaware of the revocation, I didn't know Ford and S2Verify may not have been properly served. Throughout the process, I relied on my pauper status to proceed without paying fees. The revocation, occurring after my appeal was filed, unfairly put my case at risk of being delayed or dismissed entirely due to circumstances outside my control.

I respectfully ask the Court of Appeals to ensure these procedural issues are fully addressed so that my claims can be reviewed fairly and without further unnecessary obstacles.

## 5. What action do you want the Court of Appeals to take in this case?

I ask the Court of Appeals to reverse the District Court's dismissals and send my case back for proper review. The court misinterpreted the Fair Credit Reporting Act (FCRA), misapplied res judicata, and dismissed my claims on procedural grounds without addressing their merits. Evidence, such as Ford's NLRB investigation and the termination of their HR Director, was ignored, and my corrected second complaint was dismissed without fair consideration.

I also ask that my in forma pauperis status be reinstated, as the District Court revoked it without notifying me, creating unnecessary barriers that almost jeopardized my ability to appeal. If this case is sent back, I'm concerned I'll face the same rushed decisions and procedural dismissals, leaving me without a fair chance to present my claims.

I respectfully request that the Court provide clear instructions for fairness and, if possible, reassign the case to a different judge to ensure impartiality. My only request is to have my claims reviewed properly and judged on their merits.



Sarah Buntura <sarahbuntura@gmail.com>

---

# USPS eReceipt

**DoNotReply@ereceipt.usps.gov** <DoNotReply@ereceipt.usps.gov>
To: SARAHBUNTURA@gmail.com



```
                    BRUNSWICK
                 3955 CENTER RD
               BRUNSWICK, OH 44212-9998
                  (800)275-8777
01/10/2025                               12:00 PM
---------------------------------------------------
Product                  Qty    Unit     Price
                                Price
---------------------------------------------------
First-Class Mail®         1              $1.01
Letter
   Cincinnati, OH 45202
   Weight: 0 lb 1.60 oz
   Estimated Delivery Date
      Mon 01/13/2025
   Certified Mail®                       $4.85
      Tracking #:
      9589 0710 5270 1956 6954 39
   e-Return Receipt                      $2.62
Total                           $8.48

First-Class Mail®         1              $1.01
Letter
   Columbus, OH 43219
   Weight: 0 lb 1.60 oz
   Estimated Delivery Date
      Mon 01/13/2025
   Certified Mail®                       $4.85
      Tracking #:
      9589 0710 5270 1956 6954 46
   e-Return Receipt                      $2.62
Total                           $8.48

First-Class Mail®         1              $1.01
Letter
   Duluth, GA 30097
   Weight: 0 lb 1.50 oz
   Estimated Delivery Date
      Mon 01/13/2025
   Certified Mail®                       $4.85
      Tracking #:
      9589 0710 5270 1956 6957 12
   e-Return Receipt                      $2.62
Total                           $8.48

---------------------------------------------------
Grand Total:                            $25.44
---------------------------------------------------
Credit Card Remit                       $25.44
   Card Name: MasterCard
   Account #: XXXXXXXXXXXX9953
   Approval #
   Transaction #: 673
   AID: A0000000042203      Chip
   AL: US Debit
   PIN: Not Required FIFTHTHIRD DEBIT
---------------------------------------------------

       Use Tracking # for inquiry on Return
              Receipt (Electronic).

    Text your tracking number to 28777 (2USPS)
       to get the latest status. Standard Message
        and Data rates may apply. You may also
       visit www.usps.com USPS Tracking or call
                 1-800-222-1811.
```

In a hurry? Self-service kiosks offer
quick and easy check-out. Any Retail
Associate can show you how.

For Return Receipt (by email), visit
USPS.com, click on Track & Manage and
enter Tracking number; click on drop-down
arrow under Return Receipt Electronic;
enter name and email address and click on
Request Email.

Preview your Mail
Track your Packages
Sign up for FREE @
https://informeddelivery.usps.com

All sales final on stamps and postage.
Refunds for guaranteed services only.
Thank you for your business.

Tell us about your experience.
Go to: https://postalexperience.com/pos?mt=9
or call 1-800-410-7420.

-----------------------------------------------------------------------
UFN: 381099-0212
Receipt #: 840-54420177-3-6839817-2
Clerk: 19

**Privacy Act Statement:** Your information will be used to provide you with an electronic receipt for your purchase transaction via email. Collection is authorized by 39 USC 401, 403, and 404. Providing the information is voluntary, but if not provided, we will be unable to process your request to receive an electronic receipt. We do not disclose your information to third parties without your consent, except to facilitate the transaction, to act on your behalf or request, or as legally required. This includes the following limited circumstances: to a congressional office on your behalf; to financial entities regarding financial transaction issues; to a U.S. Postal Service auditor; to entities, including law enforcement, as required by law or in legal proceedings; to contractors and other entities aiding us to fulfill the service (service providers); to process servers; to domestic government agencies if needed as part of their duties; and to a foreign government agency for violations and alleged violations of law. For more information on our privacy policies visit
www.usps.com/privacypolicy.

This is an automated email. Please do not reply to this message. This message is for the designated recipient only and may contain privileged, proprietary, or otherwise private information. If you have received it in error, please delete. Any other use of this email by you is prohibited.