# No. 24-4099

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

SARAH BUNTURA,

*Plaintiff-Appellant,*

v.

FORD MOTOR COMPANY, *et al.*

*Defendants-Appellees.*

Appeal from the United States District Court
for the Northern District of Ohio, Eastern Division
Honorable J. Philip Calabrese

**Brief for Defendant-Appellee
Ford Motor Company**

> Thomas J. Davis (P78626)
> KIENBAUM HARDY VIVIANO
> PELTON & FORREST, P.L.C.
> 280 N. Old Woodward Avenue
> Suite 400
> Birmingham, Michigan 48009
> (248) 645-0000
> tdavis@khvpf.com
>
> *Attorney for Defendant-Appellee
> Ford Motor Company*

**Disclosure of Corporate Affiliations and Financial Interests**

Under 6th Cir. R. 26.1, Ford Motor Company makes these disclosures:

1. Is said party a subsidiary or affiliate of a publicly owned corporation?

    Answer: No.

2. Is there a publicly owned corporation, not a party to the appeal, that has a financial interest in the outcome?

    Answer: No.

*/s/Thomas J. Davis*
Thomas J. Davis (P78626)
KIENBAUM HARDY VIVIANO
PELTON & FORREST, P.L.C.
280 N. Old Woodward Avenue
Suite 400
Birmingham, Michigan 48009
(248) 645-0000
tdavis@khvpf.com

*Attorney for Defendant-Appellee*
*Ford Motor Company*

Dated: March 5, 2025

# Table of Contents

Disclosure of Corporate Affiliations and Financial Interests ...................i

Table of Authorities................................................................................ iii

Statement Regarding Oral Argument .......................................................iv

Statement of Jurisdiction............................................................................1

Statement of Issue Presented .....................................................................2

Statement of the Case ................................................................................3

Standard of Review ...................................................................................6

Summary of Argument...............................................................................6

Argument....................................................................................................7

I.     Res judicata applies when an earlier lawsuit ended with a decision on the merits, and the subsequent claims were or could have been raised in that earlier lawsuit. ...............................................................................7

     A.     The dismissal of Buntura's first lawsuit for failure to state a claim was a final decision on the merits. ...................................................................8

     B.     Buntura's FCRA claim was raised in the First Lawsuit and the NLRA claim could have been; both are barred by res judicata.............................................9

Conclusion ...............................................................................................11

Certificate of Compliance with Type-Volume Limit, Typeface Requirements, and Type-Style Requirements.........................................12

Certificate of Service ...............................................................................13

Designation of Relevant District Court Documents.............................14

# Table of Authorities

**Cases**

*Baltimore S.S. Co. v. Phillips*,
   274 U.S. 316 (1927) ................................................................................. 8

*Bragg v. Flint Bd. of Educ.*,
   570 F.3d 775 (6th Cir. 2009) .................................................................... 6

*Brand v. Motley*,
   526 F.3d 921 (6th Cir. 2008) .................................................................... 9

*Buntura v. Ford Motor Co. et al.*,
   No. 1:24-cv-01313 (N.D. Ohio) ....................................................... 3, 4, 10

*Cieszkowska v. Gray Line New York*,
   295 F.3d 204 (2d Cir. 2002) ..................................................................... 9

*Coleman v. Lab. & Indus. Rev. Comm'n of Wisconsin*,
   860 F.3d 461 (7th Cir. 2017) .................................................................... 9

*Ellington v. City of E. Cleveland*,
   689 F.3d 549 (6th Cir. 2012) .................................................................... 6

*Federated Dep't Stores, Inc. v. Moitie*,
   452 U.S. 394 (1981) ...................................................................... 8, 9, 10

*Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
   918 F.2d 658 (6th Cir. 1990) .............................................................. 8, 10

*Hill v. Lappin*,
   630 F.3d 468 (6th Cir. 2010) .................................................................... 9

*Wilkins v. Jakeway*,
   183 F.3d 528 (6th Cir. 1999) .................................................................... 9

**Statutes**

28 U.S.C. § 1915(e) ...................................................................................... 8

## Statement Regarding Oral Argument

The district court's dismissal of this case on res judicata grounds is straightforward as is the applicable law. Oral argument is unnecessary.

## Statement of Jurisdiction

The Court has jurisdiction over this appeal. The district court's judgment was entered on November 29, 2024. R. 5, PageID.91. Plaintiff-Appellant Buntura timely moved for reconsideration under Rule 59(e) on December 13, 2024. R. 6, PageID.92. The district court denied that motion on December 16, 2024. R. 7, PageID.97-99. Buntura filed a notice of appeal on December 20, 2024 that states that she is appealing both the final judgment and the denial of the motion for reconsideration. R. 10, PageID.117. This Court thus has jurisdiction to hear the appeal.

## Statement of Issue Presented

Res judicata prevents the re-litigation of claims that were—or could have been—brought in an earlier proceeding that ended with a decision on the merits. Buntura argues that the district court erred in dismissing her Fair Credit Reporting Act and National Labor Relations Act claims. But she admits that both claims were or could have been raised in an earlier lawsuit that was dismissed for failure to state a claim, which is a merits dismissal. Should the district court's judgment be affirmed?

## Statement of the Case

This is the second lawsuit involving identical claims by Plaintiff-Appellant Sarah Buntura. It was dismissed on the basis of res judicata.

**The First Lawsuit.** The first lawsuit was filed on July 31, 2024. *See Buntura v. Ford Motor Co. et al.*, No. 1:24-cv-01313 (N.D. Ohio), ECF No. 1 ("First Lawsuit"). In that suit, Buntura complained about Ford's failure to hire her several months earlier, and alleged claims against Ford under Title VII, the Fair Credit Reporting Act ("FCRA"), the Whistleblower Protection Act, an Ohio anti-retaliation statute, and state-law promissory estoppel. *Id.* at PageID.6-8. Buntura also claimed that she had filed a charge with the National Labor Relations Board, but did not include a National Labor Relations Act ("NLRA") claim in her complaint. *Id.* at PageID.5, ¶ 25.

The district court, acting *sua sponte* and before Ford was served, issued an opinion and order dismissing the First Lawsuit. It held that Buntura had failed to state a claim for her federal-law claims. No. 1:24-cv-01313 (N.D. Ohio), ECF No. 3, PageID.29-31. The Court issued its judgment the same day. *Id.*, ECF No. 4. On October 16, 2024, Buntura moved for leave to file an amended complaint, with the proposed

amended complaint alleging only federal claims: the Title VII and FCRA claims she had raised previously, and a new claim for violation of the NLRA that was based on factual allegations that she previously pled in her complaint. *Id.,* ECF No. 5, PageID.37. On October 17, 2024, the district court held that the proposed amendment was futile and denied the motion. *Id.,* ECF No. 6. Buntura did not appeal from the district court's judgment or the order denying leave to amend.

**The Second Lawsuit.** Instead, Buntura filed a second lawsuit, Case No. 1:24-01811 ("Second Lawsuit"), presently before this Court. R. 1, PageID.1-7. As Buntura wrote, the complaint in the Second Lawsuit "arises from the same facts and claims as the prior case, Case No. 1:24-cv-1313." R. 1, PageID.2. The Second Lawsuit Complaint is broadly similar to the proposed amended complaint that the district court held futile in the First Lawsuit—including the two federal claims (under the NLRA and FCRA) that she claims were improperly dismissed in her appellate brief. *Compare* First Lawsuit, No. 1:24-cv-01313 (N.D. Ohio), ECF No. 5-1, PageID.37-42 *with* Second Lawsuit, R. 1, PageID.1-7.

The district court—reciting the above history—dismissed the complaint, holding that res judicata barred the Second Lawsuit because

it arose out of the same facts and circumstances as the First Lawsuit. R. 4, PageID.86-90.

On December 13, 2024, Buntura filed a motion to alter or amend the judgment under Rule 59(e) or 60(b). R. 6, PageID.92-96. In the motion, Buntura conceded (again) that the "second complaint did not raise new claims" but instead "clarified and expanded upon the same factual allegations made in the first complaint." *Id.*, PageID.94. She then made a perfunctory argument that the dismissal of the First Lawsuit and denial of amendment based on futility was not a ruling "on the merits" and thus res judicata did not apply. *See id.*

The district court denied the motion for reconsideration on December 16, 2024. R. 7, PageID.97-99. It held that—contrary to what Buntura argued—the court's finding of futility in the First Lawsuit reflected a merits determination. *See id.*, PageID.98.

On December 20, 2024, Buntura filed a notice of appeal from the final judgment and the order denying reconsideration in the Second Lawsuit. R. 10, PageID.117. Ford was served with the notice of appeal—the first time it was served in *either* suit—on January 10, 2025. *See* Appellate Docket #5, p. 1. In her brief, Buntura's only specific

-5-

argument is that the district court erred in dismissing her NLRA and FCRA claims. *See* Appellant's Br. at 5-6, 8.

## Standard of Review

This Court reviews "de novo a district court's application of the doctrine of res judicata." *Bragg v. Flint Bd. of Educ.*, 570 F.3d 775, 776 (6th Cir. 2009).

## Summary of Argument

A straightforward application of the res judicata doctrine disposes of Appellant Sarah Buntura's appeal. The doctrine prevents both (1) the re-litigation of claims that were actually brought in an earlier lawsuit that ended with a final judgment on the merits; and (2) claims that could have been brought in the original proceeding, but were not.

Here, Buntura's appellate brief argues that the district court misconstrued her FCRA argument and improperly dismissed her NLRA claim under the doctrine of res judicata. But as the district court held, both the FCRA claim and the NLRA claim are barred by res judicata. She pled her FCRA claim in an earlier lawsuit, which was dismissed for failure to state a claim—which is a final decision on the merits for purposes of res judicata. And as she admits, the facts supporting her

NLRA claim were pled in the first lawsuit; she simply did not plead an NLRA violation as a distinct cause of action in that matter. Because she could have brought the NLRA claim in the first lawsuit—and, indeed, attempted to do so in a proposed amended complaint that was denied on futility grounds—it is also barred by res judicata.

## Argument

On appeal, Buntura argues that the district court (1) erroneously dismissed her NLRA claim under the doctrine of res judicata; and (2) that the district court misinterpreted the scope of the Fair Credit Reporting Act. *See* Appellant's Br. at 5-6. But—as she concedes—the facts underpinning her new NLRA claim were "clearly referenced in [her] first" lawsuit. *Id.* And that First Lawsuit also included an express claim under the FCRA. A straightforward application of the doctrine of res judicata thus prevents her from litigating either claim in this Second Lawsuit, and the district court's judgment should be affirmed.

**I.  Res judicata applies when an earlier lawsuit ended with a decision on the merits, and the subsequent claims were or could have been raised in that earlier lawsuit.**

Under the "doctrine of res judicata as developed in the case law of" the Supreme Court, a "final judgment on the merits of an action

precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981). Res judicata applies even if a party alleges an "erroneous conclusion" in the first suit; any error in the first matter "is not open to collateral attack, but can be corrected only by a direct review and not by bringing another action upon the same cause" of action. *Id.* (quoting *Baltimore S.S. Co. v. Phillips*, 274 U.S. 316, 325 (1927)). The doctrine thus "precludes not only relitigating a claim or cause of action previously adjudicated, it also precludes litigating a claim or defense that should have been raised, but was not, in a claim or cause of action previously adjudicated." *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 660–61 (6th Cir. 1990).

Buntura filed the First Lawsuit. *Supra* at 3-4. And as discussed below, it (A) ended on the merits; and (B), Buntura raised or could have raised both claims she addresses on appeal. Res judicata thus applies.

### A. The dismissal of Buntura's first lawsuit for failure to state a claim was a final decision on the merits.

The First Lawsuit was dismissed under 28 U.S.C. § 1915(e), which allows the court to dismiss an *in forma pauperis* lawsuit if it "fails to state a claim on which relief may be granted." *See id.* § 1915(e)(2)(B)(ii).

The § 1915(e) standard for failure to state a claim is identical to the Rule 12(b)(6) standard. *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010); *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008).

A dismissal for failure to state a claim under Rule 12(b)(6) is a "judgment on the merits" to which res judicata attaches. *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981) (citing Rule 12(b)(6) standard); *see also, e.g.*, *Wilkins v. Jakeway*, 183 F.3d 528, 533 n.6 (6th Cir. 1999) ("a dismissal for failure to state a claim" is "considered a dismissal on the merits"). Thus, a dismissal for failure to state a claim under § 1915(e)—which is identical to a Rule 12(b)(6) dismissal—is also a judgment on the merits. *See id.; see also Coleman v. Lab. & Indus. Rev. Comm'n of Wisconsin*, 860 F.3d 461, 470 (7th Cir. 2017) (holding § 1915(e)(2)(B)(ii) dismissal for failure to state a claim is a judgment on the merits for res judicata purposes ); *Cieszkowska v. Gray Line New York*, 295 F.3d 204, 206 (2d Cir. 2002) (same).

### B. Buntura's FCRA claim was raised in the First Lawsuit and the NLRA claim could have been; both are barred by res judicata.

Buntura's appellate brief challenges the dismissal of her FCRA and NLRA claims. *See* Appellant's Br. 5-8. The FCRA claim, however,

was expressly raised in the First Lawsuit. Indeed, Buntura's primary appellate argument takes issue with language regarding the FCRA from the district court's opinion in the First Lawsuit. *Compare* Appellant Br. at 6 *with* No. 1:24-cv-01313 (N.D. Ohio), ECF No. 3, PageID.31. But this claimed error in the district court's First Lawsuit FCRA ruling is immaterial; her remedy for that alleged error would have been a direct appeal of the First Lawsuit's judgment, not filing the Second Lawsuit. *Federated Dep't Stores,* 452 U.S. at 394. The FCRA claim is barred by res judicata.

The NLRA claim is also barred by res judicata. While the First Lawsuit did not assert an NLRA *claim*, Buntura concedes that factual allegations supporting her present NLRA claim "were referenced in the narrative portion of [her] first complaint." Appellant's Br. at 5. She thus could have filed the NLRA claim in the First Lawsuit. *See Gargallo*, 918 F.2d at 660–61. Indeed, she filed a motion for leave to amend to add an NLRA claim in the First Lawsuit, but the district court denied her motion. *See supra* at 4. Buntura could have appealed that denial of leave to amend, but she did not. Instead, she filed the Second Lawsuit

raising the NLRA claim. The district court correctly dismissed that claim as barred by res judicata.

## Conclusion

The district court's judgment should be affirmed.

Respectfully submitted,

*/s/Thomas J. Davis*
Thomas J. Davis (P78626)
KIENBAUM HARDY VIVIANO
PELTON & FORREST, P.L.C.
280 N. Old Woodward Avenue
Suite 400
Birmingham, Michigan 48009
(248) 645-0000
tdavis@khvpf.com
*Attorney for Defendant-Appellee*
Dated: March 5, 2025          *Ford Motor Company*

## Certificate of Compliance with Type-Volume Limit, Typeface Requirements, and Type-Style Requirements

I hereby certify in accordance with Fed. R. App. P. 32(g) and 6th Cir. Rule 32, that this Brief complies with the type-volume limitations of Fed. R. App. P. 32(a)(7). Per that rule, type-volume limitations apply only if the principal brief does not exceed 30 pages. But this brief does not exceed 30 pages, even before excluding the parts of the document exempted by Fed. R. App. P. 32(f) and 6th Cir. R. 32(b)(1).

This Brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5)(A) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in 14-point Century Schoolbook, which is a proportionally spaced typeface with serifs.

Respectfully submitted,

*/s/Thomas J. Davis*
Thomas J. Davis (P78626)
KIENBAUM HARDY VIVIANO
PELTON & FORREST, P.L.C.
280 N. Old Woodward Avenue
Suite 400
Birmingham, Michigan 48009
(248) 645-0000
tdavis@khvpf.com

*Attorney for Defendant-Appellee
Ford Motor Company*

Dated: March 5, 2025

**Certificate of Service**

I hereby certify that on March 5, 2025, this Brief for Defendant-Appellee Ford Motor Company was served electronically via the Court's CM/ECF electronic filing system upon all parties and counsel of record.

/s/*Thomas J. Davis*
Thomas J. Davis (P78626)
KIENBAUM HARDY VIVIANO
PELTON & FORREST, P.L.C.
280 North Old Woodward, Ste. 400
Birmingham, Michigan 48009
(248) 645-0000
tdavis@khvpf.com

**Designation of Relevant District Court Documents**

Defendants-Appellee Ford Motor Company, under 6th Cir. R. 28(b), hereby designate the following documents in the District Court's record as relevant to the appeal:

| Description of Entry | Docket Entry Number ("R.") | Page ID Range |
|---|---|---|
| Complaint | 1 | 1-7 |
| Opinion and Order Dismissing Complaint | 4 | 86-90 |
| Judgment | 5 | 91 |
| Motion for Reconsideration | 6 | 92-96 |
| Opinion and Order Denying Motion for Reconsideration | 7 | 97-99 |
| Notice of Appeal | 10 | 117 |