No. 24-4099

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

SARAH BUNTURA,

*Plaintiff-Appellant,*

v.

FORD MOTOR COMPANY, *et al.*

*Defendants-Appellees.*

Appeal from the United States District Court
for the Northern District of Ohio, Eastern Division
Honorable J. Philip Calabrese

**Defendant-Appellee Ford Motor Company's Motion to Strike Portions of Plaintiff-Appellant's Reply Brief**

> Thomas J. Davis (P78626)
> KIENBAUM HARDY VIVIANO
> PELTON & FORREST, P.L.C.
> 280 N. Old Woodward Avenue
> Suite 400
> Birmingham, Michigan 48009
> (248) 645-0000
> tdavis@khvpf.com
>
> Attorney for Defendant-Appellee
> Ford Motor Company

Defendant-Appellee Ford Motor Company moves to strike portions of Plaintiff-Appellant Sarah Buntura's reply brief—in particular, Parts I and II—because (1) she is attempting to raise a new argument for the first time in a reply brief; and (2) the primary case she cites in support of this newfound argument does not appear to exist. *See United States v. Demjanjuk*, 367 F.3d 623, 637 (6th Cir. 2004) (granting motion to strike new arguments raised for the first time in a reply brief).

Ms. Buntura's reply brief makes the argument that the district court's dismissal of her First Lawsuit does not have res judicata effect in the Second Lawsuit because she had not yet served Defendant Ford in the First Lawsuit when the dismissal occurred. *See* Reply Br. at pp. 1-2. But that argument was neither raised in the district court, nor in her opening brief on appeal. The argument is thus doubly waived. *See Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 552 (6th Cir. 2008); *Sanborn v. Parker*, 629 F.3d 554, 579 (6th Cir. 2010).

More troublingly, Buntura cites only one case that purports to be directly on point—*Taylor v. Gen. Motors Corp.*, 943 F.2d 52, 54 (6th Cir. 1991)—which she claims held that "a sua sponte dismissal, particularly one that occurs before service, does not necessarily have res judicata

effect." Reply Br. at 2. But *Taylor v. General Motors* does not appear to exist. The Federal Reporter, Second Series citation and pin cite she provides are both tables of unpublished cases, none of which are called *Taylor v. General Motors*. And while a Westlaw search shows two cases from the Sixth Circuit named *Taylor v. General Motors* (826 F.2d 452 and 763 F.2d 216), neither involves res judicata or sua sponte dismissals.[1] For this reason, too, the reply argument should be stricken.

## Conclusion

For these reasons, the Court should strike Buntura's reply brief insofar as it raises new argument in Parts I and II that was not raised in the district court or in her opening appellate brief, and because that argument relies on a non-existent case.

---

[1] Ms. Buntura's apparent citation to a non-existent case is especially problematic because under *actual* Sixth Circuit case law, Buntura's failure to serve Defendant Ford in the first lawsuit does not impact the res judicata analysis. *See Randles v. Gregart*, 965 F.2d 90, 93 (6th Cir. 1992) (giving preclusive effect to an earlier judgment arising out of same operative facts against two defendants who were not even *named*—let alone served—in that first lawsuit). Pre-service dismissals under 28 U.S.C. § 1915(e) thus have preclusive effect in subsequent suits against the non-served defendant. *See Murray v. Reed*, 69 F. App'x 246, 247 (6th Cir. 2003) (citing *Randles*); *Habtemariam v. Adrian*, 182 F.3d 917 (6th Cir. 1999) (table op.), 1999 WL 455326 at *1-2 (6th Cir. 1999) (same).

-3-

 

                    Respectfully submitted,

                    KIENBAUM HARDY VIVIANO
                    PELTON & FORREST, P.L.C.

                    By: *s/Thomas J. Davis*
                        Thomas J. Davis (P78626)
                    Attorney for Defendant-Appellee
                    280 N. Old Woodward Ave., Ste. 400
                    Birmingham, MI 48009
                    (248) 645-0000
                    tdavis@khvpf.com

Dated: March 14, 2025

## Certificate of Service

I hereby certify that on March 14, 2025, this Motion was served electronically via the Court's CM/ECF electronic filing system upon all parties and counsel of record.

                                        /s/*Thomas J. Davis*
                                        Thomas J. Davis (P78626)
                                        KIENBAUM HARDY VIVIANO
                                        PELTON & FORREST, P.L.C.
                                        280 North Old Woodward, Ste. 400
                                        Birmingham, Michigan 48009
                                        (248) 645-0000
                                        tdavis@khvpf.com

562637