<u>NOT RECOMMENDED FOR PUBLICATION</u>

No. 24-4099

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jun 16, 2025
KELLY L. STEPHENS, Clerk

| | |
|---|---|
| SARAH BUNTURA, | ) |
|     Plaintiff-Appellant, | ) ) ) |
| v. | ) ON APPEAL FROM THE UNITED ) STATES DISTRICT COURT FOR ) THE NORTHERN DISTRICT OF |
| FORD MOTOR COMPANY; S2 VERIFY, LLC, | ) OHIO ) |
|     Defendants-Appellees. | ) |

<u>O R D E R</u>

Before: SUTTON, Chief Judge; COLE and CLAY, Circuit Judges.

Pro se Ohio plaintiff Sarah Buntura appeals the district court's judgment dismissing her complaint on initial screening under 28 U.S.C. § 1915(e)(2) for failure to state a claim. Buntura moves the court for oral argument. Defendant Ford Motor Company moves to strike portions of Buntura's reply brief. This case has been referred to a panel of the court that, upon examination, unanimously agrees that oral argument is not needed. *See* Fed. R. App. P. 34(a). We affirm the district court's judgment for the following reasons.

In March 2024, Buntura applied for a job at Ford's Cleveland Engine Plant.[1] Buntura received a job offer from Ford, but Ford also referred her to Yale Background Screening Services for a background check. Yale reported to Ford that Buntura failed to disclose on her application that she had been convicted of driving under the influence. Ford subsequently withdrew its job offer, but not before Buntura sought assistance from her union and filed an unfair labor practice charge against Ford with the National Labor Relations Board.

---

[1] Given the district court's dismissal pursuant to 28 U.S.C. § 1915(e)(2), we construe the complaint in the light most favorable to Buntura and accept all well-pleaded factual allegations as true. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007).

Buntura then filed a complaint against Ford and Yale in the district court and moved to proceed in forma pauperis (IFP). Buntura asserted race and sex discrimination claims against Ford under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and the Ohio Civil Rights Act (OCRA), Ohio Rev. Code Chapter 4112. She also claimed that Ford violated Title VII, the OCRA, and the Whistleblower Protection Act, 5 U.S.C. § 2302(a)(2)(C), by retaliating against her. Further, Buntura claimed that Ford violated the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681, *et seq.*, by not giving her an adverse action notice. Lastly, Buntura asserted a promissory-estoppel claim against Ford because she detrimentally relied on its job offer. The district court granted Buntura's IFP motion and dismissed her federal claims on initial screening under § 1915(e)(2) for failure to state a claim. As to Buntura's state-law claims, the court concluded that Buntura failed to plead facts demonstrating that it had diversity jurisdiction under 28 U.S.C. § 1332(a). The court declined supplemental jurisdiction over the state-law claims under 28 U.S.C. § 1367 and dismissed them without prejudice. *See Buntura v. Ford Motor Co.*, No. 1:24-cv-1313, 2024 WL 4451264, at *5 (N.D. Ohio Oct. 9, 2024).

Buntura next moved the court for leave to amend her complaint to clarify her original claims and to raise a new claim that Ford violated her rights under the National Labor Relations Act (NLRA), 29 U.S.C. §§ 157 and 158. The district court denied the motion. *See Buntura v. Ford Motor Co.*, No. 1:24-cv-1313, 2024 WL 4519252, at *2 (N.D. Ohio Oct. 17, 2024).

Buntura did not appeal the district court's judgment dismissing her original complaint or its order denying her leave to amend. Instead, Buntura filed a new action against Ford and S2 Verify, LLC (Yale's successor organization) and claimed that the defendants violated the FCRA, Title VII, and the NLRA. She also reasserted her promissory estoppel claim against Ford. Buntura again moved to proceed IFP. The district court screened Buntura's complaint under § 1915(e)(2) and concluded that res judicata barred her claims because she raised or could have raised them in the first action. Accordingly, the district court dismissed the complaint for failure to state a claim and denied Buntura leave to appeal IFP. The court denied Buntura's motion to reconsider and her motion to supplement her motion to reconsider.

In her opening brief, Buntura challenges the district court's dismissal of her FCRA and NLRA claims.[2] Accordingly, Buntura has forfeited appellate review of the district court's dismissal of her other claims. *See Scott v. First S. Nat'l Bank*, 936 F.3d 509, 522 (6th Cir. 2019). Buntura also contends that the district court erred in denying her motion to supplement her motion for reconsideration, not construing her pleadings liberally, and denying her leave to appeal IFP. In her reply brief, Buntura argues that res judicata does not apply because the district court dismissed the prior case before the defendants were served. She thus contends that the issues in her complaint were not fully litigated in the first case. Ford moves to strike portions of Buntura's reply brief because it raises a new argument. We take up these issues in turn.

The district court ruled that res judicata, and more specifically, claim preclusion and issue preclusion, barred Buntura's FCRA and NLRA claims and therefore that she failed to state claims under these statutes.

We review de novo a district court's dismissal of a complaint under § 1915(e)(2). *Wershe v. Combs*, 763 F.3d 500, 505 (6th Cir. 2014). To avoid dismissal under § 1915(e)(2), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

We also review de novo a district court's order that res judicata bars a claim. *See Stemler v. Florence*, 350 F.3d 578, 585 (6th Cir. 2003). Res judicata includes both claim preclusion and issue preclusion. *Cont'l Cas. Co. v. Indian Head Indus., Inc.*, 941 F.3d 828, 835 (6th Cir. 2019). Claim preclusion prevents parties from re-raising claims or defenses that were or could have been raised in a prior action. *Id.* Issue preclusion "bars repetitive litigation of the same issue between the same parties." *Amos v. PPG Indus., Inc.*, 699 F.3d 448, 451 (6th Cir. 2012). We apply federal common law to determine the preclusive effect of a prior federal court-judgment. *Id.* (quoting *Taylor v. Sturgell*, 553 U.S. 880, 891 (2008)).

---

[2] Buntura asserts that the district court misinterpreted the FCRA when it dismissed her claims, and misapplied res judicata to her NLRA claims. But the district court concluded that res judicata barred both her NLRA and FCRA claims.

Initially, we note that a prior § 1915(e) dismissal, which necessarily occurs before service of the complaint on the defendant, *see McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007), is entitled to preclusive effect in a subsequent lawsuit, *see Johnson v. Gibson*, No. 20-3280, 2020 WL 5353293, at *2 (6th Cir. July 22, 2020); *Burton v. Cleveland Ohio Empowerment Zone*, 102 F. App'x 461, 463 (6th Cir. 2004); *Smith v. Morgan*, 75 F. App'x 505, 506-07 (6th Cir. 2003). We therefore reject Buntura's argument that res judicata does not apply because the district court dismissed her prior complaint before it was served on the defendants.

Claim preclusion applies if the following elements are present:

> (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their "privies"; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action.

*Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 877, 880 (6th Cir. 1997) (emphasis omitted). In this case, all the elements of claim preclusion were satisfied.

First, the district court's dismissal of Buntura's FCRA and NLRA claims in the first case for failure to state a claim was a final decision on the merits of those claims. *See Smith*, 75 F. App'x at 507. Second, the parties in the two cases were the same. Third, Buntura litigated her FCRA claims in her prior complaint. And Buntura's motion to amend demonstrates that she could have raised her NLRA claims in the prior action. *See Cont'l Cas. Co.*, 941 F.3d at 835. Fourth and finally, there is an identity of the causes of action because the claims in both cases arose out of the same set of operative facts. *See Winget v. JP Morgan Chase Bank*, 537 F.3d 565, 580-81 (6th Cir. 2008). Accordingly, the district court correctly concluded that claim preclusion barred Buntura's FCRA and NLRA claims.

The district court also did not abuse its discretion by denying Buntura's motion for reconsideration before she filed her supplement. *See Am. Civ. Liberties Union of Ky. v. McCreary Cnty.*, 607 F.3d 439, 451 (6th Cir. 2010) ("[A] district court has broad discretion to manage its docket."). The district court's local rules require a judicial officer to "make every effort to rule on any nondispositive motion within thirty (30) days of the time the motion comes at issue, and to

rule on any dispositive motion within sixty (60) days of the time the motion comes at issue." N.D. Ohio LR 7.3. And because the court dismissed Buntura's complaint on initial screening, her motion for reconsideration came "at issue" the moment she filed it. Accordingly, the district court did not abuse its discretion in expeditiously denying the motion.

Next, we see no indication that the district court failed to comply with its duty to liberally construe Buntura's pro se pleadings. *See Luis v. Zang*, 833 F.3d 619, 626 (6th Cir. 2016). Buntura's pro se status did not entitle her to avoid the consequences of filing a duplicative lawsuit. *See Brock v. Hendershott*, 840 F.2d 339, 343 (6th Cir. 1988) ("The application of the law must be equal, even for those who have no attorney.").

Lastly, we decline to consider Buntura's argument that the district court erred in denying her leave to appeal IFP. Section 1915(a)(3) requires a district court to certify whether an appeal from its judgment would be taken in good faith. If the district court denies the plaintiff leave to appeal IFP under § 1915(a)(3), she may apply to this court for leave. *See* Fed. R. App. P. 24(a); *Owens v. Keeling*, 461 F.3d 763, 773-75 (6th Cir. 2006). Given this procedure, a plaintiff may not appeal a district court's denial of leave to appeal IFP. *See Calihan v. Schneider*, 178 F.3d 800, 804 (6th Cir. 1999).

For these reasons, we **AFFIRM** the district court's judgment and **DENY** all other pending motions.

                ENTERED BY ORDER OF THE COURT

                Kelly L. Stephens, Clerk