# IN THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

**SARAH BUNTURA,**
Plaintiff-Appellant,

v.

**FORD MOTOR COMPANY,** et al.,
Defendants-Appellees.

**Case No. 24-4099**

## PETITION FOR PANEL REHEARING AND REHEARING EN BANC

Pursuant to Rules 35 and 40 of the Federal Rules of Appellate Procedure, Plaintiff-Appellant Sarah Buntura respectfully petitions for panel rehearing and rehearing en banc of the Court's June 16, 2025, decision affirming the dismissal of her second complaint.

This petition satisfies Rule 35(b)(1)(B) because it raises a question of exceptional importance: whether res judicata may bar a federal statutory claim that was never pled, never served, and never adjudicated on the merits. The panel decision, if left uncorrected, risks misapplication of established principles and denies a litigant the right to have a statutory claim heard based on substance rather than form.

## GROUNDS FOR REHEARING

This case presents a fundamental contradiction. The panel simultaneously acknowledges that I did not plead a Fair Credit Reporting Act (FCRA) claim in my first complaint, while applying res judicata as if I had. This is more than a technical error, it is a denial of procedural fairness that places pro se litigants in an impossible position and undermines statutory protections Congress designed to be enforceable by individuals like me.

### 1. The FCRA claim was never adjudicated in the first action and was not even properly pled.

The panel expressly recognized that "Buntura did not explicitly identify the FCRA as a cause of action in her initial complaint," but instead "recounted the facts forming the basis of that claim in her narrative section." That distinction matters. Longstanding precedent holds that res judicata applies only where a claim was actually raised or could have been with clarity and opportunity. Narrative context does not constitute adjudication. Treating background facts as a fully litigated

claim creates a dangerous precedent, especially for pro se litigants, where informal references are retroactively treated as formal causes of action.

### 2. I sought to correct the record, but was blocked.

I filed a motion to amend my first complaint in order to assert the FCRA violations explicitly. That motion was denied. Having been prevented from correcting the record, I filed a second complaint that was procedurally proper and presented the statutory claims clearly and specifically. This was not an attempt to re-litigate old claims, it was my first real opportunity to present my federal rights in compliance with formal requirements.

### 3. Ford was never served in the first action.

The original case was dismissed sua sponte at the § 1915(e) screening stage. No defendant was served. No answer was filed. Courts throughout this Circuit and beyond have recognized that such dismissals do not constitute final judgments on the merits sufficient to support preclusion. To apply res judicata in these circumstances, especially against a party that was never brought before the court, defies the doctrine's core purpose and undermines confidence in judicial fairness.

### 4. The second complaint presents distinct statutory violations.

My second complaint cited specific violations under 15 U.S.C. §§ 1681b(b)(3), 1681m(a), and 1681g, each imposing separate legal obligations under the FCRA. These are not new labels for old facts. They are independent statutory duties that Ford was required to follow when taking adverse action based on a background check. These claims arise under federal law, not generalized employment principles. To collapse them into a previous narrative deprives them of their legal force and strips individuals of the right to enforce them.

### 5. The panel's decision subordinates substance to form and punishes pro se error.

I am not a lawyer. I followed the rules as best I could. But instead of the Court assessing whether the FCRA violations had merit, I've now been barred from having them considered at all, first, for not citing the statute early enough, and now, for citing it too late. This is not judicial economy; it is the erasure of substantive rights through procedural rigidity.

If the FCRA claim had been clearly pled in the first case, I would not be asking this Court to rehear it. But your own opinion confirms it was not.

If a statutory right can be barred by referencing it informally, then blocked later for not having done so properly, we risk creating a system where no time is the right time. That cannot be the law.

## CONCLUSION

Respectfully, this Court's decision forecloses my federal statutory rights not because they were litigated, but because I failed to name them perfectly the first time. I followed the proper steps to correct that, but was denied a chance to do so. This Court has long held that substance must prevail over form. I am only asking for that principle to be applied here, so that my FCRA claim may be reviewed on its merits, not lost to contradiction in process.

**Respectfully submitted,**

*[signature]*

Sarah Buntura
4390 Southwick Blvd
Brunswick, OH 44212
(216) 352-8569
sarahbuntura@gmail.com
**Dated:** June 24, 2025

**CERTIFICATE OF SERVICE**

I hereby certify that on June 26, 2025, I caused a true and correct copy of the foregoing **Petition for Panel Rehearing and Rehearing En Banc** to be served via U.S. Mail, postage prepaid, upon the following:

**Counsel for Ford Motor Company:**
Thomas J. Davis (P78626)
Kienbaum Hardy Viviano Pelton & Forrest, P.L.C.
280 N. Old Woodward Avenue, Suite 400
Birmingham, MI 48009
tdavis@khvpf.com

**Registered Agent for S2Verify, LLC:**
Bill Whitford
8680 Merion Drive
Duluth, GA 30097

Dated: June 26, 2025
Respectfully submitted,

*Sarah Buntura*
**Sarah Buntura**
4390 Southwick Blvd
Brunswick, OH 44212
(216) 352-8569
sarahbuntura@gmail.com